KEKER & VAN NEST LLP
JOHN W. KEKER - # 49092
jkeker@kvn.com
ELLIOT R. PETERS - # 158708
epeters@kvn.com
REBEKAH L. PUNAK - # 248588
rpunak@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants FORMATION8 GP, LLC and
FORMATION8 PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELISE CLOUGHERTY,<br><br>            Plaintiff,<br><br>       v.<br><br>JOSEPH LONSDALE; FORMATION8 GP, LLC; and FORMATION8 PARTNERS, LLC,<br><br>            Defendants. | Case No. 3:15-cv-00382 WHA<br><br>**DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date:        March 26, 2015<br>Time:       8:00 a.m.<br>Dept:        Courtroom No. 8, 19th Floor<br>Judge:      Honorable William H. Alsup<br><br>Date Comp. Filed:     January 27, 2015<br><br>Trial Date: Not set. |

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................2

II. THE FACTS ALLEGED IN THE COMPLAINT................................................................3

III. LEGAL ARGUMENT..........................................................................................................4

    A. Clougherty's claim against Formation8 is time barred............................................5

    B. Clougherty fails to allege that Formation8 knew, or should have known, that she faced an undue risk of harm from Lonsdale. ...............................................5

    C. Clougherty fails to allege any harm caused by Formation8's supervision or retention of Lonsdale. ..............................................................................................7

IV. CONCLUSION.....................................................................................................................9

i

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .................................................................................................. 4, 5, 6

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ............................................................................................................ 4

*In re Rigel Phar'm., Inc. Sec. Litig.*
   697 F.3d 869 (9th Cir. 2012) ............................................................................................. 3

*Jablon v. Dean Witter & Co.*
   614 F. 2d 677 (9th Cir. 1980) ............................................................................................ 5

*Johnson v. Univ. of San Diego*
   No. 10-cv-504-LAB, 2011 U.S. Dist. LEXIS 104962 (S.D. Cal. Sept. 15, 2011) .................... 7

*Robinson v. HD Supply, Inc.*
   No. 2:12-cv-00604-GEB-CKD, 2012 U.S. Dist. LEXIS 157239
   (E.D. Cal. Nov. 1, 2012) ..................................................................................................... 7

*Smith v. Puentes*
   No. 1:08-cv-01792-LJO-SMS, 2009 U.S. Dist. LEXIS 95675
   (E.D. Cal. Oct. 14, 2009) .................................................................................................... 7

**State Cases**

*Aaronoff v. Martinez-Senftner*
   136 Cal. App. 4th 910 (2006) ......................................................................................... 8, 9

*Delfino v. Agilent Technologies, Inc.*
   145 Cal. App. 4th 790 (2006) ......................................................................................... 6, 7

*Federico v. Superior Court (Jenry G.)*
   59 Cal. App. 4th 1207 (1997) ...................................................................................... 5, 6, 7

*Juarez v. Boy Scouts of America, Inc.*
   81 Cal. App. 4th 377 (2000) ............................................................................................... 6

*Lyles v. State of California*
   153 Cal. App. 4th 281 (2007) ............................................................................................. 5

*Mendoza v. City of Los Angeles*
   66 Cal. App. 4th 1333 (1998) .......................................................................................... 7, 8

*Phillips v. TLC Plumbing, Inc.*
   172 Cal. App. 4th 1133 (2009) ........................................................................................ 7, 8

*Unruh-Haxton v. Regents of Univ. of Cal.*
   162 Cal. App. 4th 343 (2008) ............................................................................................. 5

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

# TABLE OF AUTHORITIES

**Page(s)**

**State Statutes**

California Code of Civil Procedure § 335.1 .............................................................................. 2, 5

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 3, 4, 5, 7

iii
DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 26, 2015 at 8:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable William H. Alsup, Judge of the United States District Court for the Northern District of California, Defendants Formation8 GP, LLC and Formation8 Partners, LLC (collectively "Formation8") will, and hereby do, move this Court to dismiss Plaintiff Elise Clougherty's Complaint for Negligent Retention and Supervision.

Formation8 brings this motion under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's Complaint fails to state a claim upon which relief can be granted. This motion seeks entry of an order granting Formation8's Motion to Dismiss for Failure to State a Claim and is based upon the following Memorandum of Points and Authorities.

1
DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

## I. INTRODUCTION

Between February 2012 and February 2013, Plaintiff Elise Clougherty and Defendant Joseph Lonsdale were involved in an intimate personal relationship. The Complaint sets forth a graphic portrait of Clougherty's current version of that relationship, featuring allegations that Lonsdale "continuously and incessantly" sexually assaulted her throughout their year as a couple. Clougherty alleges that Lonsdale assaulted her in his Silicon Valley home and during trips they took together to Europe, Asia and New York. In addition to suing her former boyfriend, Clougherty brings a single claim against an investment firm and its management company (collectively Formation8), in which Lonsdale serves as a partner. Clougherty seeks to hold Formation8 liable for Lonsdale's alleged abuse, claiming that it negligently supervised and retained Lonsdale over the course of her alleged six-week internship at Formation8. This alleged internship began approximately four months after Lonsdale and Clougherty started their sexual relationship and ended six months before the relationship was broken off. Clougherty now alleges that Lonsdale assaulted her during the period of the internship, just as she claims he assaulted her before and after the internship. But Clougherty does not claim that anyone at Formation8 knew of the alleged abuse or had reason to know of the alleged abuse. Nor does she claim that she ever complained about Lonsdale to anyone at Formation8. To the contrary, she fails to allege any facts from which one could infer that anyone at Formation8 believed her relationship with Lonsdale was anything other than a loving relationship between two consenting, happy adults.

Clougherty's attempt to hold Formation8 liable for alleged injuries arising from her personal relationship with Lonsdale fails as a matter of law for at least three reasons. First, her sole claim against Formation8 is time barred. California Code of Civil Procedure § 335.1 requires that a claim for negligence be brought no more than two years after the alleged injury. Clougherty's claim was filed two-and-a-half years after her alleged internship at Formation8 ended. The limitations period has expired.

Second, Clougherty fails to allege any facts indicating that Formation8 knew or should have known that Lonsdale posed an undue risk of harm to an intern under his supervision. There

2

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

is nothing in the Complaint suggesting that Lonsdale has a history of sexual misconduct, that Formation8 was aware of any such history, or that Formation8 otherwise should have known that Lonsdale posed a risk to an intern under his supervision. Under well-settled California law, the absence of any such factual allegation dooms Clougherty's negligent supervision and retention claim against Formation8.

Third, Clougherty fails to identify any harm that she suffered as a result of Formation8's alleged negligence. Instead, the harm alleged by Clougherty in her Complaint derives entirely from her personal relationship with Lonsdale and conduct allegedly occurring entirely behind closed doors – an intimate relationship that began months before her alleged internship and continued for months after the internship ended.

Because Clougherty's sole claim against Formation8 is time barred and legally insufficient, Formation8 respectfully requests that the Court dismiss the claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   THE FACTS ALLEGED IN THE COMPLAINT[1]

According to the Complaint, Clougherty and Lonsdale first met at a bar in January 2011, having previously been introduced by email by a mutual acquaintance. Complaint ¶ 42. They continued to keep in contact after that initial meeting and, in January 2012, Clougherty alleges that Lonsdale arranged to serve as her mentor in a class at Stanford. *Id*. ¶¶ 43-44. She claims that her relationship with Lonsdale became sexual in February 2012, following an allegedly nonconsensual sexual encounter. *Id*. ¶ 47. Following that initial encounter, Clougherty alleges that she and Lonsdale were in a dating relationship for approximately one year, until February 2013. *Id*. ¶ 82. Throughout the duration of their relationship, Clougherty claims that Lonsdale "continuously and systematically subjected [her] to repeated and incessant sexual assaults and abuse." *Id*. ¶ 1.

---

[1] For purposes of this motion Formation8 "accept[s] as true all well-pleaded allegations in the complaint." *In re Rigel Phar'm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012). Formation8 notes, however, that Lonsdale has filed Counterclaims in this action alleging, among other things, that Clougherty's allegations of abuse are false and that their relationship was consensual. (Docket No. 17).

While the Complaint goes into great detail regarding Clougherty's and Lonsdale's alleged private, intimate activities, the allegations with respect to Formation8 are sparse. Clougherty alleges that in May 2012 – three months after she and Lonsdale began to have a sexual relationship – Lonsdale suggested that she work for him over the summer. Complaint ¶ 54. Apparently taking him up on this suggestion, Clougherty allegedly worked as an intern for Lonsdale and Formation8 for six weeks from June 2012 to early August 2012.[2] *Id.* ¶ 54. Clougherty claims that "[d]uring her internship at Formation8, Mr. Lonsdale directly supervised Ms. Clougherty, set her rate of pay, gave her work assignments, reviewed her work, and told her with whom she should met." *Id.* ¶ 55. Before, during, and after her alleged internship with Formation8, Clougherty claims that she had frequent sexual contact with Lonsdale, which she alleges was non-consensual on each and every occasion. *Id.* ¶¶ 1, 53, 56, 58, 59. Clougherty does not, however, allege that any sexual misconduct took place at Formation8's office, during work hours, or in view of any Formation8 employees other than Lonsdale. She does not allege that she, or anyone else, ever reported alleged sexual misconduct by Lonsdale to anyone at Formation8.

While Clougherty alleges that her relationship with Lonsdale continued through February 2013, the Complaint contains no allegations related to Formation8 after August 2012.

### III. LEGAL ARGUMENT

A complaint should be dismissed pursuant to Rule 12(b)(6) if it fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff must make sufficient factual allegations "to state a claim for relief that is plausible on its face," and which will allow the court

---

[2] The Complaint appears intentionally ambiguous as to whether Clougherty interned for Lonsdale, in his personal capacity, or for Formation8. She alleges that she was hired to be an intern for Lonsdale. *See* Complaint ¶ 54. At various points in the Complaint, Clougherty refers to herself as a "third person" with respect to Formation8. *Id.* ¶¶ 119, 122, 124. She also alleges that she had an "employer/intern relationship" with Lonsdale. *Id.* ¶ 97. For purposes of this motion, Formation8 assumes that Clougherty is alleging that she interned for Formation8. However, although not relevant to this motion, in which Clougherty's allegations are presumed true, Formation8 has no record of Clougherty applying for or receiving a Formation8 internship or being paid by Formation8. Instead, it appears that Clougherty (as alleged) worked for and was paid by Lonsdale.

4
DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

to reasonably infer "that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 570, 678.  A complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, will not do." *Id*. at 678.  A complaint is properly dismissed under Rule 12(b)(6) where it is apparent on the face of the pleading that the plaintiff's claims are barred by the statute of limitations. *See Jablon v. Dean Witter & Co.*, 614 F. 2d 677, 682 (9th Cir. 1980) (citations and quotations omitted).

### A.  Clougherty's claim against Formation8 is time barred.

Clougherty's sole claim against Formation8 should be dismissed with prejudice because it is time barred.  A two-year statute of limitations applies to claims for negligent hiring, supervision, or retention.  *See* Cal. Civ. Proc. Code § 335.1 (setting two year statute of limitations for negligence claims); *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 357 (2008) (applying § 335.1 to a claim for negligent hiring, supervision or retention).  A claim of negligence generally accrues once the plaintiff has suffered damages from the alleged wrongful act.  *See Lyles v. State of California*, 153 Cal. App. 4th 281, 292 (2007).  Here, the Complaint alleges no improper act or omission by Formation8 after Clougherty completed her internship in early August 2012.  Consequently, her claim for negligent retention and supervision, filed on January 27, 2015, is untimely.

### B.  Clougherty fails to allege that Formation8 knew, or should have known, that she faced an undue risk of harm from Lonsdale.

Even if Clougherty's claim against Formation8 was timely (it is not), it should be dismissed because she fails to plead any facts indicating that Formation8 was aware that Lonsdale posed an undue risk of harm. Under California law, an employer is liable for negligent retention and supervision only where it "knows, or should know, facts which would warn a reasonable person that the employee presents an undue risk of harm to third persons in *light of the particular work to be performed*." *Federico v. Superior Court (Jenry G.)*, 59 Cal. App. 4th 1207, 1214 (1997) (emphasis in original).  Liability cannot result merely because "the one employed is incompetent, vicious, or careless." *Id.* (citations and quotations omitted).  Rather, "liability for negligence can be imposed only when the employer knows, or should know, that the employee,

5

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

because of past behavior or other factors, is unfit for the specific tasks to be performed." *Id.* at 1215; *see also Juarez v. Boy Scouts of America, Inc.*, 81 Cal. App. 4th 377, 395 (2000) ("[T]here can be no liability for negligent supervision in the absence of knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised.") (citations and quotations omitted).

Numerous cases confirm that an employer cannot be held liable for negligent supervision or retention where it lacked any reason to believe that the employee posed an undue risk of harm. In *Juarez*, for example, the plaintiff brought a negligence claim against the Boy Scouts of America alleging that he had been sexually molested by a scoutmaster. 81 Cal. App. 4th at 385. The court found that the Scouts were not liable for negligent hiring or supervision because "there was no information accessible to the Scouts that would cause them to suspect that Paz had a propensity to molest children." *Id.* at 395; s*ee also Federico*, 59 Cal. App. 4th at 1213 (finding no liability where nothing in employee's past indicated that he posed a threat to minors encountered at the workplace). Similarly, in *Delfino v. Agilent Technologies, Inc*., 145 Cal. App. 4th 790 (2006), the plaintiff alleged negligent supervision and retention of an employee who had sent threatening emails from his workplace computer. The California Court of Appeals affirmed the trial court's grant of summary judgment in favor of the employer, noting that there were "no facts … suggesting that [the employer] knew or had reason to suspect that Moore was engaged in improper on-the-job conduct." *Id.* at 817.

Like the plaintiffs in *Juarez* and *Delfino*, Clougherty fails to identify any facts indicating that Formation8 knew or should have known that there was an undue risk that Lonsdale would sexually assault her. Indeed, the only references to Formation8's knowledge in the Complaint are conclusory recitations that it "knew or should have known" that Lonsdale allegedly was incompetent and "knew or should have known" that he allegedly had initiated an inappropriate sexual relationship with Clougherty prior to her internship. Complaint ¶¶ 120, 121. These are precisely the types of generic and formulaic allegations that the Supreme Court found insufficient in *Iqbal*. *See* 556 U.S. at 678*.*

Clougherty's failure to allege any facts indicating that Formation8 knew or should have

6

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

known that Lonsdale posed an undue risk of harm is fatal to her claim of negligent supervision and retention and requires that her claim be dismissed under Rule 12(b)(6).  *See*, *e.g.*, *Robinson v. HD Supply, Inc.*, No. 2:12-cv-00604-GEB-CKD, 2012 U.S. Dist. LEXIS 157239, at *22-23 (E.D. Cal. Nov. 1, 2012) (dismissing claim for negligent hiring or retention under Rule 12(b)(6) where there was no showing defendant employer had reason to believe employee posed an undue risk of harm); *Johnson v. Univ. of San Diego*, No. 10-cv-504-LAB, 2011 U.S. Dist. LEXIS 104962, at *35-36 (S.D. Cal. Sept. 15, 2011) (same); *Smith v. Puentes*, No. 1:08-cv-01792-LJO-SMS, 2009 U.S. Dist. LEXIS 95675, at *34-35 (E.D. Cal. Oct. 14, 2009) (same).

### C. Clougherty fails to allege any harm caused by Formation8's supervision or retention of Lonsdale.

Clougherty's claim against Formation8 should be dismissed for the additional reason that she fails to identify any harm resulting from Formation8's alleged negligence.  Instead, it is clear from the face of the Complaint that Clougherty's alleged harm resulted from her personal relationship with Lonsdale.

In order to state a claim for negligent supervision and retention, Clougherty must allege facts showing that Formation8's negligence was the proximate cause of her injury.  *See Federico*, 59 Cal. App. 4th at 1210-11.  The proximate cause requirement limits liability to those "foreseeable consequences that the defendant's negligence was a substantial factor in producing." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1342 (1998); *see also Delfino*, 145 Cal. App. 4th at 817.  Thus, an employer generally cannot be held liable for its employees' actions outside of work, which are unrelated to his employment.  *See Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1146 (2009) ("An employer is not charged with guaranteeing the safety of anyone his employee might incidentally meet while on the job against injuries inflicted independent of the performance of work-related functions.") (citations and emphasis omitted).  In *Mendoza*, for example, the court found that a city employer could not be held liable for the actions of an off-duty officer who shot his fiancé during a domestic argument.  66 Cal. App. 4th at 1342.  The court noted that, even if the city had negligently hired or supervised the officer, such negligence was not the cause of the shooting: "The gun used by Mendoza was not his

7
DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

service weapon, and he was not required to carry a weapon when off duty. … The act was unrelated to his official duties." *Id*. As a result, "Mendoza's unforeseeable private act broke the chain of proximate cause connecting the City's negligence to Clementina's death." *Id*.

Where, as here, the alleged harm derives from the most private, intimate aspects of a relationship that was personal in nature and is not related to the performance of any work-related functions, courts have found that the necessary causal link is missing. In *Aaronoff v. Martinez-Senftner*, 136 Cal. App. 4th 910 (2006), for example, the plaintiff alleged that her father had sexually abused her while she was working at her parents' car dealerships. *Id.* at 916. She sought to bring a negligence claim against her mother, alleging that her mother was an agent of the dealerships and had failed to implement reasonable safeguards to prevent the sexual abuse of minors. *Id.* at 916-17. In assessing whether the case came within a statutory provision that extended the statute of limitations, the *Aaronoff* court concluded that "the alleged abuse was a result of the parental relationship, *not any employment relationship*." *Id.* at 923 (emphasis added). The court specifically noted that "[t]he fact that two-thirds of the time period in which the alleged abuse occurred had passed before plaintiff began working for the defendants indicates the alleged abuse was unrelated to the work relationship." *Id*.

The court's decision in *Phillips* is similarly instructive. There, the court found that an employer could not be held liable for negligent hiring and retention based on allegations that one of its former employees had met the victim in the course of his employment, struck up a romantic relationship, and then shot her two years later when the relationship ended. 172 Cal. App. 4th at 1145-1146. The court observed that the employer's alleged negligent hiring and retention of the shooter could not be viewed as the proximate or legal cause of the plaintiff's injuries, "especially when Cain and Judith's initial social relationship began outside of Cain's employment duties." *Id.* at 1146.

Applying these principles here, it is clear that the Complaint fails to describe the necessary causal link between Formation8's supervision and retention of Lonsdale and Clougherty's alleged injuries. As in *Aaronoff* and *Phillips*, the origins of Clougherty's relationship with Lonsdale have nothing to do with Formation8 – they met at a bar through a mutual social acquaintance. And,

8

DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007

like the plaintiff in *Aaronoff*, the time period over which the alleged harm took place preceded (and postdated) the workplace relationship.  *See* 136 Cal. App. 4th at 923.  Even with respect to the six week period of the alleged internship, the Complaint fails to draw any meaningful connection between Formation8 and the alleged abuse.  Clougherty does not allege that any abuse took place at Formation8's offices, during work hours, or in view of any Formation8 employee other than Lonsdale.  In short, the Complaint utterly fails to tie the harm Clougherty claims to have suffered to any act or omission by Formation8.

## IV.   CONCLUSION

For all the foregoing reasons, Formation8 respectfully requests that Clougherty's claim for negligent supervision and retention be dismissed with prejudice.

Dated:  February 19, 2015                                         KEKER & VAN NEST LLP

By:   */s/ Elliot R. Peters*
JOHN W. KEKER
ELLIOT R. PETERS
REBEKAH L. PUNAK

Attorneys for Defendants FORMATION8 GP, LLC and FORMATION8 PARTNERS, LLC
9
DEFENDANTS FORMATION8 GP, LLC AND FORMATION8 PARTNERS, LLC'S
NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 3:15-cv-00382

903007