1   KRISTEN DUMONT (SBN 191554)
    *kristen@kristendumont.com*
2   **LAW OFFICES OF KRISTEN DUMONT**
    P.O. Box 138
3   1325 Howard Avenue
    Burlingame, CA  94010
4   Tel.: 650.799.4397

5   ORIN SNYDER (admitted *pro hac vice*)
    *osnyder@gibsondunn.com*
6   **GIBSON, DUNN AND CRUTCHER LLP**
    200 Park Avenue
7   New York, New York 10166
    Tel.: 212.351.2400
8   Fax: 212.351.6335

9   [ADDITIONAL COUNSEL LISTED ON FOLLOWING PAGE]

10  Attorneys for Defendant/Counterclaimant:
    *Joseph Lonsdale*

11

12                    **UNITED STATES DISTRICT COURT**

13                  **NORTHERN DISTRICT OF CALIFORNIA**

14                      **SAN FRANCISCO DIVISION**

15  ELISE CLOUGHERTY,                    Case No. 3:15-cv-00382-WHA

16          Plaintiff,                   **JOSEPH LONSDALE'S ANSWER**

17          v.                           **JURY DEMAND**

18  JOSEPH LONSDALE                      CMC:        Thursdays
                                         Time:       11:00 a.m.
19          Defendant.                   Courtroom:  8  (19th Floor)
                                         Judge:      Hon. William H. Alsup
20
    JOSEPH LONSDALE,                                 450 Golden Gate Avenue
21                                                   San Francisco, CA  94102
            Counterclaimant
22
            v.
23
    ELISE CLOUGHERTY
24
            Counter-Defendant.
25

26

27

28

JOSEPH LONSDALE'S ANSWER                            Case No. 3:15-cv-00382-WHA

1  Emily C. Aldridge (SBN 299236)
   *ealdridge@gibsondunn.com*
2  Joseph Tartakovsky (SBN 282223)
   *jtartakovsky@gibsondunn.com*
3  **GIBSON, DUNN AND CRUTCHER LLP**
   555 Mission Street, Suite 3000
4  San Francisco, California 94105
   Tel.: 415.393.8234
5  Fax:  415.374.8402

6  Sarah Vacchiano (admitted *pro hac vice*)
   *svacchiano@gibsondunn.com*
7  **GIBSON, DUNN AND CRUTCHER LLP**
   200 Park Avenue
8  New York, New York 10166
   Tel.: 212.351.2400
9  Fax: 212.351.6335

10 Joseph R. Farris (SBN 263405)
   *jfarris@goodwinprocter.com*
11 **GOODWIN PROCTER LLP**
   Three Embarcadero Center, 24th Floor
12 San Francisco, California 94111
   Tel.: 415.733.600
13 Fax:  415.677.9041

14 Brenda Sharton (*pro hac vice* pending)
   *bsharton@goodwinprocter.com*
15 **GOODWIN PROCTER LLP**
   53 State Street
16 Boston, MA 02109
   Tel.: 617.570.1000
17 Fax:  617.523.1231

18 Attorneys for Defendant/Counterclaimant:
   *Joseph Lonsdale*
19

20

21

22

23

24

25

26

27

28

---

JOSEPH LONSDALE'S ANSWER                                    Case No. 3:15-cv-00382-WHA

1    Defendant and Counterclaimant Joseph Lonsdale, by and through his undersigned

2    attorneys, files this Answer to Plaintiff and Counter-Defendant Elise Clougherty's Complaint, and

3    alleges as follows:

4    1.    Mr. Lonsdale admits that he is a successful and well-known Silicon Valley

5    entrepreneur and venture capitalist who had a romantic relationship with Ms. Clougherty lasting

6    approximately from February 2012 to February 2013.  Mr. Lonsdale admits that Ms. Clougherty

7    was an undergraduate student at Stanford University and is approximately nine years younger than

8    Mr. Lonsdale.  Mr. Lonsdale denies the remaining allegations in paragraph 1.

9    2.    Denied.

10    3.    Denied.

11    4.    Mr. Lonsdale denies that he imposed any "abuse" on Ms. Clougherty.  Otherwise,

12    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the allegations in

13    paragraph 4, and thus denies them.

14    5.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

15    allegations in paragraph 5, and thus denies them.

16    6.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

17    allegations in paragraph 6, and thus denies them.

18    7.    No response is required of Mr. Lonsdale to the extent that the allegations in

19    paragraph 7 state conclusions of law.  To the extent a response is necessary, Mr. Lonsdale lacks

20    knowledge or information sufficient to form a belief as to the allegations in paragraph 7, and thus

21    denies them.

22    8.    No response is required of Mr. Lonsdale to the extent that the allegations in

23    paragraph 8 state conclusions of law.  To the extent a response is necessary, Mr. Lonsdale admits

24    that he is an adult male who resides in San Mateo in the State of California and has resided in

25    California during all relevant times.

26    9.    Admitted.

27    10.    Admitted.

28    11.    No response is required of Mr. Lonsdale to the extent that the allegations in

1

JOSEPH LONSDALE'S ANSWER                                    Case No. 3:15-cv-00382-WHA

1    paragraph 11 state conclusions of law.  Nonetheless, Mr. Lonsdale admits that there is diversity of

2    citizenship between Ms. Clougherty and Mr. Lonsdale and that she has alleged claims that exceed

3    $75,000.

4         12.    No response is required of Mr. Lonsdale because the allegations in paragraph 12

5    state conclusions of law.

6         13.    No response is required of Mr. Lonsdale to the extent that the allegations in

7    paragraph 13 state conclusions of law.  To the extent a response is required, Mr. Lonsdale admits

8    that he is a citizen and resident of California.

9         14.    No response is required of Mr. Lonsdale to the extent that the allegations in

10   paragraph 14 state conclusions of law.  This allegation is also moot as the Formation 8 entities

11   have been dismissed.

12        15.    No response is required of Mr. Lonsdale because the allegations in paragraph 15

13   state conclusions of law.

14        16.    No response is required of Mr. Lonsdale to the extent that the allegations in

15   paragraph 16 state conclusions of law.  Nonetheless, Mr. Lonsdale admits that he resides in San

16   Mateo County.

17        17.    Admitted.

18        18.    Admitted.

19        19.    Mr. Lonsdale admits that Ms. Clougherty graduated from Thomas Jefferson High

20   School for Science and Technology.  Mr. Lonsdale lacks knowledge or information sufficient to

21   form a belief as to the remaining allegations in paragraph 19, and thus denies them.

22        20.    Mr. Lonsdale admits that Ms. Clougherty is bright and that her physical appearance

23   is as described in paragraph 20.  Mr. Lonsdale lacks knowledge or information sufficient to form a

24   belief as to the allegations regarding Ms. Clougherty's work for Ford Models in paragraph 20, and

25   thus denies them.

26        21.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

27   allegations in paragraph 21, and thus denies them.

28        22.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

2

1    allegations in paragraph 22, and thus denies them.

2        23.    Admitted.

3        24.    Mr. Lonsdale admits that he is a 2003 graduate of Stanford University and that

4    while at Stanford he served as the Editor-in-Chief of the Stanford Review.  Mr. Lonsdale denies

5    the remaining allegations in paragraph 24.

6        25.    Mr. Lonsdale admits that he co-founded Palantir Technologies, a multi-billion

7    dollar software company.  Mr. Lonsdale admits that he has been involved in numerous other

8    successful Internet start-ups, including PayPal, and has also worked for Clarium Capital, a global

9    macro hedge fund.  Mr. Lonsdale denies the remaining allegations in paragraph 25.

10       26.    Admitted.

11       27.    Admitted.

12       28.    Denied.

13       29.    Mr. Lonsdale admits that that he served as a founding Chairman of the Seasteading

14   Institute, but lacks knowledge or information sufficient to form a belief as to the accuracy of the

15   source or the accuracy of the quoted language in Paragraph 29, and thus denies the remaining

16   allegations in Paragraph 29.

17       30.    Admitted.

18       31.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

19   allegations in paragraph 31, and thus denies them.

20       32.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

21   allegations in paragraph 32, and thus denies them.

22       33.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

23   allegations in paragraph 33, and thus denies them.

24       34.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

25   allegations in paragraph 34, and thus denies them.

26       35.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

27   allegations in paragraph 35, and thus denies them.

28       36.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

3

1    allegations in paragraph 36, and thus denies them.

2         37.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

3    allegations in paragraph 37, and thus denies them.

4         38.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

5    allegations in paragraph 38, and thus denies them.

6         39.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

7    allegations in paragraph 39, and thus denies them.

8         40.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

9    allegations in paragraph 40, and thus denies them.

10        41.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

11   allegations in paragraph 41, and thus denies them.

12        42.    Mr. Lonsdale admits that he first met Ms. Clougherty over email in or around the

13   winter of 2010-11 when a mutual acquaintance introduced them and that they met in a bar in New

14   York City in or around January 2011.  Mr. Lonsdale denies the remaining allegations in paragraph

15   42.

16        43.    Mr. Lonsdale admits that he met Ms. Clougherty in Palo Alto in or around the

17   spring of 2011 and they corresponded afterwards about technology entrepreneurship and Internet

18   start-ups, among other topics.   Mr. Lonsdale admits that in or around October 2011, Mr. Lonsdale

19   and Ms. Clougherty met at a bar in Palo Alto.  Mr. Lonsdale denies the remaining allegations in

20   paragraph 43.

21        44.    Mr. Lonsdale admits that he volunteered to serve as a mentor in a class called High

22   Technology Entrepreneurship. Mr. Lonsdale denies the remaining allegations in paragraph 44.

23        45.    Mr. Lonsdale admits that Ms. Clougherty met Mr. Lonsdale at his Addepar office

24   on or about January 24, 2012. Mr. Lonsdale denies the remaining allegations in paragraph 45.

25        46.    Denied.

26        47.    Denied.

27        48.    Denied.

28        49.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

4

JOSEPH LONSDALE'S ANSWER                          Case No. 3:15-cv-00382-WHA

1    allegations in paragraph 49, and thus denies them.

2         50.    Mr. Lonsdale admits that he learned Ms. Clougherty was planning to visit Europe

3    around the same time he would be visiting Europe and invited Ms. Clougherty to join him in

4    London and Rome in or around February or March 2012.  Mr. Lonsdale denies the remaining

5    allegations in paragraph 50.

6         51.    Mr. Lonsdale denies the allegations regarding the events in the hotel room.  Mr.

7    Lonsdale lacks knowledge or information sufficient to form a belief as to the allegations regarding

8    what occurred in Spain in paragraph 51, and thus denies them.

9         52.    Mr. Lonsdale admits that he continued to date Ms. Clougherty for months after the

10   trip to Rome, that he would sometimes visit her in her dorm room or pick her up and take her to

11   his house or to a hotel, sometimes for the entire weekend, and that they went on several trips

12   together.  Mr. Lonsdale denies the remaining allegations in paragraph 52.

13        53.    Denied.

14        54.    Denied.

15        55.    Denied.

16        56.    Denied.

17        57.    Denied.

18        58.    Denied.

19        59.    Mr. Lonsdale admits that Ms. Clougherty wrote Mr. Lonsdale numerous emails and

20   love letters.  Mr. Lonsdale denies the remaining allegations in paragraph 59.

21        60.    Denied.

22        61.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

23   allegations in paragraph 62, and thus denies them.

24        62.    Denied.

25        63.    Mr. Lonsdale admits that he and Ms. Clougherty went to a public park on or about

26   February 22, 2013.  Mr. Lonsdale denies the remaining allegations in paragraph 63.

27        64.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

28   allegations in paragraph 64, and thus denies them.

5

1    65.    Mr. Lonsdale denies that Ms. Clougherty suffered "trauma . . . at the hands of Mr.

2 Lonsdale.  Mr. Lonsdale otherwise lacks knowledge or information sufficient to form a belief as to

3 the allegations in paragraph 65, and thus denies them.

4    66.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

5 allegations in paragraph 66, and thus denies them.

6    67.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

7 allegations in paragraph 67, and thus denies them.

8    68.    Mr. Lonsdale lacks knowledge or information sufficient to form a belief as to the

9 allegations in paragraph 68, and thus denies them.

10    69.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

11 fully stated herein.

12    70.    No response is required of Mr. Lonsdale to the extent that the allegations in

13 paragraph 70 state conclusions of law.

14    71.    Denied.

15    72.    Denied.

16    73.    Denied.

17    74.    Denied.

18    75.    Denied.

19    76.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

20 fully stated herein.

21    77.    Denied.

22    78.    Denied.

23    79.    Denied.

24    80.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

25 fully stated herein.

26    81.    No response is required of Mr. Lonsdale to the extent that the allegations in

27 paragraph 81 state conclusions of law.

28    82.    No response is required of Mr. Lonsdale to the extent that the allegations in

6

1   paragraph 82 state conclusions of law.  To the extent a response is required, Mr. Lonsdale admits

2   that he and Ms. Clougherty dated between February 2012 and February 2013.

3         83.    Denied.

4         84.    Denied.

5         85.    Denied.

6         86.    Denied.

7         87.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

8   fully stated herein.

9         88.    No response is required of Mr. Lonsdale because the allegations in paragraph 88

10   state conclusions of law.

11         89.    Denied.

12         90.    Denied.

13         91.    Denied.

14         92.    Denied.

15         93.    Denied.

16         94.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

17   fully stated herein.

18         95.    No response is required of Mr. Lonsdale because the allegations in paragraph 95

19   state conclusions of law.

20         96.    Denied.

21         97.    Denied.

22         98.    Denied.

23         99.    Denied.

24         100.    Denied.

25         101.    Denied.

26         102.    Denied.

27         103.    Denied.

28         104.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

7

1    fully stated herein.

2         105.    Denied.

3         106.    Denied.

4         107.    Denied.

5         108.    Denied.

6         109.    Denied.

7         110.    Denied.

8         111.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

9    fully stated herein.

10        112.    Denied.

11        113.    Denied.

12        114.    Denied.

13        115.    Denied.

14        116.    Denied.

15        117.    Denied.

16        118.    Mr. Lonsdale incorporates by reference his responses to all prior allegations as if

17   fully stated herein.

18        119.    No response is required of Mr. Lonsdale to the extent that the allegations in

19   paragraph 119 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

20        120.    No response is required of Mr. Lonsdale to the extent that the allegations in

21   paragraph 120 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

22        121.    No response is required of Mr. Lonsdale to the extent that the allegations in

23   paragraph 121 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

24        122.    No response is required of Mr. Lonsdale to the extent that the allegations in

25   paragraph 122 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

26        123.    No response is required of Mr. Lonsdale to the extent that the allegations in

27   paragraph 123 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

28        124.    No response is required of Mr. Lonsdale to the extent that the allegations in

8

1     paragraph 124 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

2         125.     No response is required of Mr. Lonsdale to the extent that the allegations in

3     paragraph 125 are directed at Formation 8. Nonetheless, Mr. Lonsdale denies them.

4         The remaining paragraphs contain prayers for relief to which no response is required. To

5     the extent a response is required, Mr. Lonsdale denies that Ms. Clougherty is entitled to relief.

6                          **FIRST AFFIRMATIVE DEFENSE**

7         Ms. Clougherty has failed to state a claim upon which relief may be granted. Mr. Lonsdale

8     incorporates by reference all the allegations in his Amended Counterclaims.

9                        **SECOND AFFIRMATIVE DEFENSE**

10        Ms. Clougherty's claims are barred in whole or in part by the statute of limitations. Mr.

11    Lonsdale incorporates by reference all the allegations in his Amended Counterclaims.

12                        **THIRD AFFIRMATIVE DEFENSE**

13        To the extent that Mr. Lonsdale and Ms. Clougherty engaged in sexual contact or

14    intercourse during their year-long relationship, Ms. Clougherty consented to each sexual contact or

15    intercourse with by Mr. Lonsdale. Mr. Lonsdale incorporates by reference all the allegations in

16    his Amended Counterclaims.

17                        **FOURTH AFFIRMATIVE DEFENSE**

18        Ms. Clougherty's claims are barred in whole or in part by the doctrines of laches, waiver,

19    and estoppel based on her continued relationship with Mr. Lonsdale after the alleged sexual

20    misconduct and unreasonable delay in bringing this lawsuit. Mr. Lonsdale incorporates by

21    reference all the allegations in his Amended Counterclaims.

22                        **FIFTH AFFIRMATIVE DEFENSE**

23        As to Count V for sexual harassment, to the extent that it is based on conduct that occurred

24    during Ms. Clougherty's alleged time as an intern at Formation 8, she has failed to timely exhaust

25    administrative remedies, and thus her claim is barred. Mr. Lonsdale incorporates by reference all

26    the allegations in his Amended Counterclaims.

27                        **SIXTH AFFIRMATIVE DEFENSE**

28        Ms. Clougherty has not suffered an injury as a result of conduct by Mr. Lonsdale, and any

9

1  injury suffered by Ms. Clougherty is a result of other intervening factors such as mental illness,

2  prior alleged sexual assault by third parties, or other conduct by third parties. Mr. Lonsdale

3  incorporates by reference all the allegations in his Amended Counterclaims.

4  **SEVENTH AFFIRMATIVE DEFENSE**

5  Ms. Clougherty's claims and recovery are barred by equity, including, but not limited to,

6  the doctrine of unclean hands. Mr. Lonsdale incorporates by reference all the allegations in his

7  Amended Counterclaims.

8  **EIGHTH AFFIRMATIVE DEFENSE**

9  Ms. Clougherty has failed to state a claim upon which punitive damages may be awarded.

10  **NINTH AFFIRMATIVE DEFENSE**

11  Ms. Clougherty has failed to state a claim upon which attorneys' fees and costs may be

12  awarded.

13  **TENTH AFFIRMATIVE DEFENSE**

14  Mr. Lonsdale reserves the right to plead additional affirmative defenses as additional

15  information becomes available.

16  **PRAYER**

17  WHEREFORE, Mr. Lonsdale prays that:

18  1.  Ms. Clougherty take nothing by reason of her complaint and that judgment be rendered in

19      favor of Mr. Lonsdale;

20  2.  Mr. Lonsdale be awarded reasonable attorneys' fees and costs for defense of this suit; and

21  3.  For such other and further relief as the Court deems just and proper.

22

23

24

25

26

27

28

JOSEPH LONSDALE'S ANSWER                                    Case No. 3:15-cv-00382-WHA

1

**JURY DEMAND**

2       Defendant and Counterclaimant Joseph Lonsdale hereby demands a jury trial on all issues

3  contained herein.

4

5                                                    Respectfully submitted,

6

7  Dated:   March 31, 2015              By:   /s/ Orin Snyder

Kristen Dumont (SBN 191554)
8                                              **LAW OFFICES OF KRISTEN DUMONT**

9                                              Joseph R. Farris (SBN 263405)
Brenda Sharton (*pro hac vice* pending)
10                                             **GOODWIN PROCTER LLP**

11                                             Orin Snyder (admitted *pro hac vice*)
Emily C. Aldridge (SBN 299236)
12                                             Joseph Tartakovsky (SBN 282223)
Sarah Vacchiano (admitted *pro hac vice*)
13                                             **GIBSON, DUNN AND CRUTCHER LLP**

14
Defendant/Counterclaimant:
15                                             *Joseph Lonsdale*

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1

CERTIFICATE OF SERVICE

2          I, Orin Snyder, hereby certify that a copy of the foregoing document, filed through the

3   CM/ECF system, will be sent electronically to the registered participants as identified on the

4   Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage

5   prepaid on all counsel who are not served through the CM/ECF system on March 31, 2015.

6

7   Dated: March 31, 2015                                    /s/ Orin Snyder

8                                                            Orin Snyder

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28