John C. Clune, Colorado Bar No. 27684
(admitted *pro hac vice*)
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Fax: (303) 442-6593
E-Mail: clune@hbcboulder.com

[additional counsel listed on following page]

*Attorneys for Plaintiff and Counter-Defendant Elise Clougherty*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH LONSDALE,<br><br>  Defendant and Counterclaimant,<br><br>  v.<br><br>ELISE CLOUGHERTY,<br><br>  Plaintiff and Counter-Defendant. | Civil Action No.: 3:15-cv-00382-WHA<br><br>**PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT'S OPPOSITION TO PARTIAL MOTION TO DISMISS AMENDED COUNTERCLAIMS**<br><br>Date:    April 30, 2015<br>Time:    8:00 a.m.<br>Dept.    Courtroom No. 8, 19th Floor<br>Judge:   Honorable William H. Alsup |
| ELISE CLOUGHERTY,<br><br>  Plaintiff and Counter-Defendant,<br><br>  v.<br><br>JOSEPH LONSDALE,<br><br>  Defendant and Counterclaimant. | Date Comp. Filed:  January 27, 2015<br>Date Amended Countercl. Filed:<br>                March 9, 2015<br><br>Trial Date:   Not set. |

1
PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT'S OPPOSITION TO
PARTIAL MOTION TO DISMISS
Case No. 3:15-cv-00382 WHA

L. Lin Wood, Georgia Bar No. 774588
(admitted *pro hac vice*)
Jonathan D. Grunberg, Georgia Bar No. 869318
(admitted *pro hac vice*)
David Ehrlich, Georgia Bar No. 353601
(admitted *pro hac vice*)
L. LIN WOOD, P.C.
1180 West Peachtree Street, Suite 2400
Atlanta, GA 30309
Telephone: (404) 891-1402
Fax: (404) 506-9111
E-Mail: lwood@linwoodlaw.com
        jgrunberg@linwoodlaw.com
        dehrlich@linwoodlaw.com

Jennifer L. Liu, Cal. Bar No. 279370
THE LIU LAW FIRM, P.C.
324 Day Street
San Francisco, CA 94131
Telephone: (415) 896-4260
Fax: (415) 231-0011
E-Mail: jliu@liulawpc.com

*Attorneys for Plaintiff and Counter-Defendant Elise Clougherty*

## I.   PRELIMINARY STATEMENT

On March 9, 2015, Lonsdale amended his counterclaims against Ms. Clougherty as a matter of right under Rule 15. (Dkt. 39.) Ms. Clougherty subsequently filed the instant partial motion to dismiss the amended counterclaims on March 25, 2015. (Dkt. 48.) Lonsdale then filed an opposition to Ms. Clougherty's motion, stating unequivocally that he has "re-pleaded his claims to include all of the factual details of which he is aware."[1] (Dkt. 56 at 15.) In his words, "he has alleged everything he could be expected to know about lies told behind his back."[2] (*Id*. at 2.)

Lonsdale's first amendment to his counterclaims was precipitated, at least in part, by Ms. Clougherty filing a motion to dismiss. (Dkt. 31). In her initial motion, Ms. Clougherty asserted nearly identical arguments for dismissal of Lonsdale's counterclaims, or alternatively, for a more definite statement. (*Id*.) Rather than responding to Ms. Clougherty's initial motion, Lonsdale amended his counterclaims to abandon certain deficient claims, to attempt to cure others, and to add claims regarding statements allegedly made to New York Times Magazine writer, Emily Bazelon. (Dkt. 39.) Significantly, Lonsdale removed any and all references to the investigation conducted by Stanford University into Ms. Clougherty's claims of sexual abuse by Mr. Lonsdale. (*Id*.)

Having been apprised of Ms. Clougherty's legal arguments against his claims not once, but twice, Lonsdale now improperly and informally attempts to amend (for a third time) his counterclaims through his opposition brief to cure lingering deficiencies in his allegations. (Dkt. 56.) Most glaringly, Lonsdale—for the first time and in his opposition brief—characterizes Ms. Clougherty's statements at issue as a secretive and confidential "whisper campaign," (id. at 5) which he "learned about only gradually,"[3] (*id*. at 1). Lonsdale's motive for doing so is clear:

---

[1] "[W]hile briefs and arguments are outside the record, they are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party." *DeRose v. Carswell*, 196 Cal. App. 3d 1011, 1019 n.3 (1987) (internal quotations ommitted).

[2] "Mr. Lonsdale alleged as many facts as the victim of a smear campaign conducted in secret could reasonably be expected to allege at this stage of the proceedings." (Dkt. 56 at 12.)

[3] In almost the same breath, Lonsdale inconsistently describes Ms. Clougherty's alleged actions as a "malicious campaign to inflict maximum reputational, emotional, and financial harm on Mr. Lonsdale. . ." (Dkt. 56 at 2.)

some of his claims are barred by the statute of limitations, unless tolled by the discovery rule, which only applies to (1) statements that are confidential, secretive, or undiscoverable, and (2) when the claimant specifically alleges the time and manner of his discovering the statements. However, the opposition brief's new assertions as to the secretive nature of Ms. Clougherty's alleged statements are in stark contrast to the facts alleged in his amended counterclaims. This Court should not countenance Lonsdale's improper attempt to introduce new facts in an opposition brief—a veritable third bite at the apple. His pleadings must stand alone and as such, be dismissed.

Counts III, IV, V, VIII, IX, and X for defamation should be dismissed in their entirety for failure to plead adequately a cause of action for defamation or defamation *per se*. Counts XI and XII for emotional distress and Counts XIII and XIV for invasion of privacy should also be dismissed in part, to the extent they are predicated on these improperly plead and time-barred defamation counts. Alternatively, if these Counts are not dismissed, Lonsdale must provide a more definite statement, pursuant to Rule 12(e), of his impermissibly vague claims.

## II.   ARGUMENT

### A.   Counts III, IV, V, VIII, IX, and X Should be Dismissed for Failing to Plead the Time, Place, and Recipient of the Alleged Statements

Counts III, IV, V, VIII, IX, and X (those based upon the alleged statements to the Stanford professor, the ex-girlfriend, and the ex-girlfriend's boyfriend) fail to meet minimal pleading requirements and therefore should be dismissed pursuant to Rule 12(b)(6). In pleading a claim for defamation, a claimant must at least plead time, place, and recipient of the allegedly defamatory statements. *See Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04CV2562 JM(CAB), 2006 WL 4569360, at *3-4 (S.D. Cal. Feb. 6, 2006) ("At a minimum, necessary defamation allegations must identify the time and place of publication as well as the speaker, the recipient of the statement, the substance of the statements. . ."). This pleading requirement functions to "provide[s] the defendant with sufficient notice of the communications complained of to allow the defendant to defend itself." *PAI Corp. v. Integrated Sci. Solutions, Inc.,* No. C–06–5349 JSW

(JCS), 2007 WL 1229329, at *7 (N.D. Cal. Apr. 25, 2007). Lonsdale's pleadings fall short of these requirements by failing to identify key details, including time, place, and recipient.

Lonsdale opposes Ms. Clougherty's motion to dismiss, first, by arguing that Ms. Clougherty improperly attempts to impose a heightened pleading standard on the defamation claims and, second, by arguing that he has alleged all the facts necessary—and all the facts of which he is aware—to sufficiently plead a cause of action for defamation. Both arguments fail.

First, Ms. Clougherty does not attempt to impose on Lonsdale a heightened pleading standard under Rule 9(b). Rather, Ms. Clougherty argues that "countless district courts have found that the requirements of Rule 8 have not been met in cases where libel and slander claims failed to allege the substance of the statements and/or the time and place in which they were made." *Id.* at *8 (collecting cases). In order to meet the requirements of Rule 8, therefore, Lonsdale must allege these minimal showings, which he fails to do. (Dkt. 39 at *passim.*)

Second, Lonsdale fails to plead sufficient facts to survive Ms. Clougherty's motion to dismiss. With respect to the three alleged statements at issue, Lonsdale entirely fails to allege a time when the statements were made to the ex-girlfriend and the ex-girlfriend's boyfriend, (Dkt. 39 at ¶¶ 109, 113, 131, 135), and offers only the vaguest of indications ("mid-2014") when the third statement was allegedly made to the Stanford professor, (*id*. at ¶¶ 104, 126). In so doing, Lonsdale robs Ms. Clougherty of the ability to reasonably ascertain the alleged statements to which Lonsdale is referring. In all three instances, Lonsdale fails to identify where the alleged statements were made and to whom they were made, providing only vague aliases that could apply to any number of people that Ms. Clougherty may not even know, including any number of the hundreds of professors at Stanford.

To allow Lonsdale's suit to proceed on such intentionally skeletal pleadings would not only deprive Ms. Clougherty of a full opportunity to defend herself, it would grant Lonsdale a free pass into discovery only to confirm the obvious—that his claims are untimely. *See Rojas v. Brinderson Constructors Inc.*, 567 F. Supp. 2d 1205, 1212 (C.D. Cal. 2008) (observing that "it is plaintiffs' duty to investigate and discover the factual bases of their claims before filing a

complaint; discovery is not an open range for plaintiffs to ride roughshod in the hope that their claims may find support"). Therefore, Ms. Clougherty respectfully renews her request that this Court dismiss Counts III, IV, V, VIII, IX, and X. Additionally, to the extent that Counts XI, XII, XIII, and XIV rest on defectively pleaded statements serving as the basis for Counts III, IV, V, VIII, IX, and X, these counts should be dismissed as well.

### B. The Discovery Rule Does Not Apply to Counts VI, V, IX, and X

In opposing Ms. Clougherty's motion to dismiss, Lonsdale argues that the statute of limitations regarding Ms. Clougherty's alleged statement to the ex-girlfriend and the ex-girlfriend's boyfriend[4] have been tolled by the discovery rule because Lonsdale learned of them sometime after February 1, 2014. (Dkt. 56 at 13-15.) Lonsdale concedes there are timeliness issues surrounding these counts, and thus he invokes the discovery rule. (*See id.* at 15 ("Mr. Lonsdale's claims are timely under the discovery rule."); *id*. at 13-14 ("Mr. Lonsdale's injuries became actionable when he discovered the statements—which occurred within a year of filing his counterclaims."); *id*. at 9 ("[Lonsdale] alleges that he only learned of the statements after February 1, 2014 which, as discussed below, is sufficient to satisfy the discovery rule.").)

Lonsdale, however, cannot rely on the discovery rule because he fails to allege (1) that the statements were confidential or inherently secretive or undiscoverable, or (2) the time and manner in which he discovered the statements.

> i.  <u>Lonsdale Fails to Allege that the Ex-Partner Statements Were Confidential, Secretive or Undiscoverable</u>

First, Lonsdale concedes that the discovery rule applies to statements that are "confidential" or "inherently secretive" or "undiscoverable." (Dkt. 56 at 13-14 & n.5.) But the amended counterclaims are devoid of allegations that statements to the ex-girlfriend and ex-girlfriend's boyfriend were secretive, confidential, or otherwise hidden. (*See* Dkt. 39 at ¶¶ 71-72, 108, 112 (merely alleging she "called several of his friends" and "said horrible things").) To the

---

[4] Interestingly, Lonsdale groups Ms. Clougherty's statement to the Stanford professor (the basis for Counts III and VIII and Counts XI, XII, XIII, and XIV in part) into this analysis (Dkt. 56 at 13), raising a red flag as to the timeliness of that claim as well.

PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT'S OPPOSITION TO PARTIAL MOTION TO DISMISS
Case No. 3:15-cv-00382 WHA

contrary, Lonsdale alleges that Ms. Clougherty "publicized" these statements as part of a "smear campaign" that includes "numerous people at Stanford University, . . . Mr. Lonsdale's friends and social acquaintances, . . . her friends and family, . . . Mr. Lonsdale's business colleagues, and . . . The New York Times." (*See, e.g.*, *id.* at ¶¶ 12, 71-72; 158-60 (incorporating all allegations, including the statements to the ex-girlfriend and the ex-girlfriend's boyfriend, and characterizing them as "publicized" and as "publicity").)[5] Ms. Clougherty's allegedly "publicized" statements are in stark contrast to statements to which the discovery rule has been applied, such as a defamatory letter "placed in [a] *confidential* personnel file." *See, e.g.*, *Manguso v. Oceanside Unified Sch. Dist.*, 88 Cal. App. 3d 725, 727 (1979).

Knowing that the alleged conduct was the opposite of making secretive, confidential, or undiscoverable statements, Lonsdale must assume—albeit incorrectly—that slanderous statements are necessarily tolled by the discovery rule. (*See* Dkt. 56 at 13 (citing *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668 (2008) & *McNair v. Worldwide Church of God,* 97 Cal. App. 3d 363 (1987).) Lonsdale cites only two cases regarding the discovery rule and slander, *Burdette* and *McNair*. (Dkt. 56 at 13-14.) Lonsdale's reading of *Burdette* is dubious, bending the opinion into an endorsement for applying the discovery rule to all slander cases. Quite the opposite, *Burdette* held that statements "made in casual conversation . . . do not appear to fall within the discovery exception." 158 Cal. App. 4th at 1692. *Burdette* then rightly rains doubt on *McNair*, which "assumed the discovery rule would apply to the slander in question without analysis." *Id. McNair* cannot hold the weight heaped upon it by Lonsdale: the court applied the discovery rule to a single instance of slander, without prescribing the far reaching rule advocated by Lonsdale. 197 Cal. App. 3d at 379.

---

[5] Lonsdale's *post hoc* attempt to recast the alleged statements as "private" rings particularly hollow when he contends that he "had no reasonable basis for discovering conversations Ms. Clougherty had in private with a Stanford professor, Mr. Lonsdale's ex-girlfriend, or Mr. Lonsdale's ex-girlfriend's current boyfriend." (Dkt. 56 at 13 (internal quotation marks omitted).) His actual allegation regarding the so-called private conversation with the professor is that "she enlisted [the professor] to help tell her story to various media outlets in an effort to generate damaging press reports about Mr. Lonsdale." (Dkt. 39 at ¶ 73.) Ms. Clougherty's alleged conduct is the antithesis of secretive or confidential—asking for the statements to be broadcast to all.

Applying the discovery rule in such a broad fashion would allow the exception to swallow the default rule for when a tort action accrues: all statements made outside a claimant's presence (even to a claimant's friends, social acquaintances, business associates, and ex-girlfriends) would be subject to the discovery rule exception. Lonsdale cites no authority for this assertion, and his argument should be dismissed out of hand.

ii.    Lonsdale Fails to Allege the Time and Manner of Discovery of the Ex-Partner Statements

Because the amended counterclaims fail to specifically allege facts about the time and manner of Lonsdale's discovery of the statements to the ex-girlfriend and the ex-girlfriend's boyfriend, he cannot invoke the discovery rule. "In order to invoke this special defense to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery, and (2) the inability to have made earlier discovery despite reasonable diligence." *Manguso*, 88 Cal. App. 3d at 728. Contrary to Lonsdale's belief, this pleading requirement applies to defamation cases. *Id.* "Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discovery, are useless." *Anderson v. Brouwer*, 99 Cal. App. 3d 176, 182 (Ct. App. 1979). Moreover, a claimant must allege "a certain time" when he discovered the injury, as opposed to generally averring that he learned of it within the limitations period. *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 894 (N.D. Cal. 2013).

Lonsdale cites to paragraphs 70 through 77 of the amended counterclaims for the notion that he pleaded the time and manner of discovery. (Dkt. 56 at 14 (citing Dkt. 39 at ¶¶ 70-77).) At most, three of those eight paragraphs (70, 72-73) discuss the statements to the ex-girlfriend and the ex-girlfriend's boyfriend. None of the three paragraphs provide a "certain time," alleging instead that Lonsdale discovered the statements "[s]ometime after February 1, 2014." (Dkt. 39 at ¶¶ 70, 72-73.) This is nothing more than a "useless" allegation that Lonsdale allegedly discovered the injury during the limitations period. As for manner of discovery, Lonsdale generally alleges that he "learned" or "began to hear" of the statements. (*Id.*) These are mere synonyms for

6
PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT'S OPPOSITION TO PARTIAL MOTION TO DISMISS
Case No. 3:15-cv-00382 WHA

"discovery," rather than specific factual allegations of *how* Lonsdale learned of, or began to hear of, the alleged slanderous statements. Accordingly, even if every slander claimant can avail himself of the discovery rule, Lonsdale's failure to plead the time and manner of discovery is fatal.

### C. In the Alternative, this Court Should Grant Ms. Clougherty's Motion for a More Definite Statement Pursuant to Rule 12(e)

Finally, Lonsdale opposes Ms. Clougherty's motion (in the alternative) for a more definite statement under Rule 12(e), reiterating that (1) the allegations provide Ms. Clougherty with ample opportunity to defend herself, (2) the timeliness concerns are obviated by Lonsdale's satisfaction of the discovery rule, and (3) Ms. Clougherty made the alleged statements in secret and Lonsdale has pled "all the factual details of which he is aware." (Dkt. 56 at 15.) Notably, Lonsdale fails to address any of the case law cited by Ms. Clougherty in support of her motion in the alternative for a more definite statement. Rather, Lonsdale defends his position through purely conclusory statements reiterating his previously debunked arguments. This should not be persuasive to this Court.

The instant case represents an appropriate situation to require a more definite statement where (1) a claimant has failed to meet minimal pleading standards, and (2) timeliness concerns abound. As previously cited by Ms. Clougherty, a complaint must contain sufficient allegations from which a defendant can ascertain whether the claims therein are timely. *See Wood v. Apodaca*, 375 F. Supp. 2d 942, 950 (N.D. Cal. 2005) (granting Rule 12(e) motion because defendant could not ascertain the timeliness of the claims). Where—as here—the pleadings fail to allege sufficient details and the vagueness therein provides reason to believe that the claims have not been brought within the applicable statute of limitations, a Rule 12(e) motion is apt. *Hawkins v. Kiely*, 250 F.R.D. 73, 76 (D. Me. 2008) (citing 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. and P. § 1376; *MasTec N. Am., Inc. v. Allegiance Commc'ns, LLC*, No. 06-02296-JWL, 2006 WL 3350712, at *3 (D. Kan. Nov. 17, 2006); *Williams v. City of New Rochelle*, No. 13-CV-3315 NSR, 2014 WL 2445768, at *2 (S.D.N.Y. May 29, 2014). No doubt, Lonsdale would argue

here that he has plead all he could possibly know about a secret smear campaign and that the discovery rule saves his claims from any timeliness challenge. However, that argument has been exposed as meritless, and this Court should put the timeliness of Lonsdale's claims to the test.

### III. CONCLUSION

Lonsdale's tactics are now clear, and this Court should not permit him to plead his claims in a deliberately and strategically vague fashion to avoid a timeliness challenge and then claim he should be permitted discovery to learn the basic details of his claims, including whether they are timely. Similarly, Lonsdale should not be permitted to categorize the statements allegedly made by Ms. Clougherty's as "a malicious campaign to inflict maximum reputational, emotional, and financial harm on Mr. Lonsdale" and then argue that Ms. Clougherty acted in such a secretive fashion that he should now be afforded the benefit of discovery rule tolling. Both inconsistencies reveal an alarming, and likely fatal, weakness in Lonsdale's amended counterclaims with respect to Counts III, IV, V, VIII, IX, X, and in part Counts XI, XII, XIII, and XIV. In short, Lonsdale has filed a lawsuit to see if he has one, and he has desperately and unsuccessfully tried to hide that many of his claims are time-barred. This Court should put his claims to the test now.

Defendant has now had multiple bites at the apple, and, at best, this Court should grant him only one more opportunity. To that end, Plaintiff respectfully requests that Counts III, IV, V, VIII, IX, X be dismissed with leave to amend, and Counts XI, XII, XIII, and XIV be dismissed in part with leave to amend. In the alternative, Plaintiff respectfully requests that the Court require Lonsdale to provide a more definite statement of these claims.

Dated: April 15, 2015                          **L. LIN WOOD, P.C.**

                                               By: */s/ L. Lin Wood*

PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT'S OPPOSITION TO PARTIAL MOTION TO DISMISS
Case No. 3:15-cv-00382 WHA

L. Lin Wood (admitted *pro hac vice)*
Jonathan D. Grunberg (admitted *pro hac vice*)
David Ehrlich (admitted *pro hac vice)*

**HUTCHINSON BLACK AND COOK, LLC**
John C. Clune (admitted *pro hac vice*)

**THE LIU LAW FIRM, P.C.**
Jennifer L. Liu

*Attorneys for Plaintiff/Counter-Defendant Elise Clougherty*

PLAINTIFF AND COUNTER-DEFENDANT'S REPLY TO DEFENDANT'S OPPOSITION TO
PARTIAL MOTION TO DISMISS
Case No. 3:15-cv-00382 WHA