1  KRISTEN DUMONT (SBN 191554)
   *kristen@kristendumont.com*
2  **LAW OFFICES OF KRISTEN DUMONT**
   P.O. Box 138
3  1325 Howard Avenue
   Burlingame, CA  94010
4  Tel.: 650.799.4397

5  ORIN SNYDER (admitted *pro hac vice*)
   *osnyder@gibsondunn.com*
6  Sarah Vacchiano (admitted *pro hac vice*)
   *svacchiano@gibsondunn.com*
7  **GIBSON, DUNN AND CRUTCHER LLP**
   200 Park Avenue
8  New York, New York 10166
   Tel.: 212.351.2400
9  Fax: 212.351.6335

10 [ADDITIONAL COUNSEL LISTED ON FOLLOWING PAGE]

11 Attorneys for Defendant/Counterclaimant:
   *Joseph Lonsdale*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELISE CLOUGHERTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH LONSDALE,<br><br>　　　　Defendant. | Case No. 3:15-cv-00382-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC:　　　　Thursday, April 2, 2015<br>Time:　　　　2:00 p.m.<br>Courtroom:　8  (19th Floor)<br>Judge:　　　Hon. William H. Alsup<br><br>450 Golden Gate Avenue<br>San Francisco, CA  94102 |
| JOSEPH LONSDALE,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>ELISE CLOUGHERTY,<br><br>　　　　Counter-Defendant. | |

Emily C. Aldridge (SBN 299236)
*ealdridge@gibsondunn.com*
Joseph Tartakovsky (SBN 282223)
*jtartakovsky@gibsondunn.com*
**GIBSON, DUNN AND CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel.: 415.393.8234
Fax: 415.374.8402

Joseph R. Farris (SBN 263405)
*jfarris@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax: 415.677.9041

Brenda Sharton (admitted *pro hac vice*)
*bsharton@goodwinprocter.com*
**GOODWIN PROCTER LLP**
53 State Street
Boston, MA 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Defendant/Counterclaimant:
*Joseph Lonsdale*

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014, and Civil Local Rule 16-9.

**I.     JURISDICTION & SERVICE**

Plaintiff is a citizen of Virginia, and Defendant is a citizen of California.  The Court has subject matter jurisdiction of this civil action under 28 U.S.C. § 1332, because there is a complete diversity of citizenship and the amounts in controversy for both the claims and counterclaims exceed $75,000.  No issues exist with respect to personal jurisdiction and venue.  Plaintiff filed her complaint (the "Complaint") on January 27, 2015 and Defendant filed his counterclaim (the "Counterclaims") on January 30, 2015.  Defendant amended his Counterclaims on March 9, 2015. Service of the Complaint and Counterclaims is complete and all parties have appeared in the case. Formation 8 was named a defendant in the Complaint and was duly served, but has since been dismissed.

**II.    FACTS**

PLAINTIFF: Ms. Clougherty has asserted claims against Mr. Lonsdale, her student mentor, for a pattern of sexual abuse and intimate partner violence over the course of a lengthy relationship that exploited Mr. Lonsdale's control over Ms. Clougherty based upon his status within Stanford University and her chosen career field.  Although Ms. Clougherty asserts that she attempted to turn this abusive relationship into a kinder more loving relationship, the abuse never ceased until she finally was able to leave Mr. Lonsdale and the University community and move back home to Virginia.

After reporting Mr. Lonsdale's conduct to Stanford University, the University conducted an investigation into Ms. Clougherty's allegations and concluded that Mr. Lonsdale had more likely than not engaged in sexual activity with Ms. Clougherty without her consent.  Based on its findings, Stanford University banned Mr. Lonsdale from the Stanford campus for a period of ten years.

Mr. Lonsdale has filed the Counterclaims based upon Ms. Clougherty discussing the abuse, including in an article with the New York Times in which both parties actively participated.

1    DEFENDANT: Mr. Lonsdale's counterclaims arise from false and malicious accusations
2 made against him by his former girlfriend, Ms. Clougherty.  The two were in a serious relationship
3 for approximately one year, from February 2012 to February 2013, during which they traveled
4 together on vacations, and spent extensive time together and with their respective families.
5 Hundreds of email communications prove the existence of the consensual, loving, adult
6 relationship that existed between them, including evidence that Ms. Clougherty's mother, Anne
7 Clougherty, implored Mr. Lonsdale to continue to date Ms. Clougherty after the relationship
8 ended.

9    Unbeknownst to Mr. Lonsdale or his family and friends, following the termination of their
10 relationship, Ms. Clougherty commenced a vicious whisper campaign of stunningly false and
11 constantly escalating accusations against Mr. Lonsdale.  Although Ms. Clougherty first accused
12 Mr. Lonsdale of generalized "emotional abuse," over time, her accusations escalated—becoming
13 more grandiose and vicious, and eventually resulting in a fiction featuring grotesque and
14 reprehensible acts of sexual violence.  Mr. Lonsdale learned for the first time after February 2014
15 that Ms. Clougherty had secretly and falsely told various people, including Mr. Lonsdale's ex-
16 girlfriend, the ex-girlfriend's current boyfriend, and a Stanford professor about sexual misconduct
17 by Mr. Lonsdale.  Mr. Lonsdale has also learned that Ms. Clougherty's false statements were part
18 of what Ms. Clougherty called a "Joe take down scheme" in a text she sent to a former close
19 friend, who has since come forward to refute Ms. Clougherty's allegations of sexual assault.
20 Based on the information he learned after February 2014 about Ms. Clougherty's false and
21 defamatory statements, Mr. Lonsdale filed counterclaims against her on January 30, 2015.

22    Mr. Lonsdale did not learn about the most significant lies Ms. Clougherty had told until
23 The New York Times Magazine published an article relating those statements in February 2015.
24 That article reflected that Ms. Clougherty had made numerous false statements to Emily Bazelon,
25 a New York Times journalist, including graphic details of alleged rapes.  On March 9, 2015, Mr.
26 Lonsdale amended his counterclaims to add additional information he learned after he filed his
27 original counterclaims.

28 **III.   LEGAL ISSUES**

PLAINTIFF: The legal issues presented in this case are as follows: 1) did Mr. Lonsdale use his power and control over Ms. Clougherty to both by force and other means overcome her will and coerce her to engage in certain sexual activities without her consent; 2) did Ms. Clougherty make any false statements about that abuse; 3) if any false statements were made, were they made with "actual malice"; and 4) are all or some of Mr. Lonsdale's allegations time-barred by the applicable statute of limitations.

Ms. Clougherty will likely file an anti-SLAPP motion to strike Mr. Lonsdale's Counterclaims.  Because Ms. Clougherty may not be able to make such a motion until the close of fact discovery, Ms. Clougherty does not believe the discovery schedule should be tied to the resolution of any anti-SLAPP motion.

DEFENDANT:  Ms. Clougherty has asserted statutory and common law claims, all based on her false allegations of sexual misconduct by Mr. Lonsdale.  *See* Complaint, ECF No. 1.  The primary dispute of law as to Ms. Clougherty's claims is whether Ms. Clougherty consented to the sexual acts she participated in during her relationship with Mr. Lonsdale.  Mr. Lonsdale contends that his yearlong, loving relationship with Ms. Clougherty was consensual, that he did not abuse or sexually harass her, and that her allegations are false.

In addition, Ms. Clougherty's sexual harassment claim against Mr. Lonsdale is barred by the statute of limitations, as all of the alleged misconduct occurred more than two years before she initiated this action.  As the facts develop in discovery, Mr. Lonsdale may learn that Ms. Clougherty's other claims may also be similarly time-barred.

The primary legal disputes arising from Mr. Lonsdale's counterclaims for defamation *per se*, defamation, invasion of privacy, false light invasion of privacy, and infliction of emotional distress are:

- The falsity of Ms. Clougherty's statements about Mr. Lonsdale to third parties, including, Stanford University, her family, friends, The New York Times and Mr. Lonsdale's colleagues;
- The false portrayal of Mr. Lonsdale that Ms. Clougherty created;
- Her intent in making the false statements and false portrayal;

3

1  • The harm suffered by Mr. Lonsdale; and

2  • Whether Ms. Clougherty acted with malice, oppression, or fraud warranting punitive

3  damages.

4  **IV. MOTIONS**

5  Currently pending before the Court is Ms. Clougherty's partial motion to dismiss certain

6  counts in Mr. Lonsdale's Counterclaims, or for a more definite statement. This motion is set to be

7  heard on April 30, 2015 at the same time as the case management conference in this case. Ms.

8  Clougherty has also stated that she is likely to file an anti-SLAPP motion. To the extent any anti-

9  SLAPP motion will be subject to the Federal Rules of Civil Procedure as opposed to the California

10 Code of Civil Procedure, Ms. Clougherty proposes that the deadline for such motion be the same

11 deadline as for all other dispositive motions. To the extent any anti-SLAPP motion will be subject

12 to the California Code of Civil Procedure, such motion would be due no later than May 9, 2015

13 and if governed by the Federal Rules of Civil Procedure, there is no specific time frame required

14 for the filing of that motion.

15 Mr. Lonsdale contends that Ms. Clougherty's deadline to file an anti-SLAPP motion is 60

16 days from service of Mr. Lonsdale's counterclaims, as stated in the California Code of Civil

17 Procedure and by several California district courts. Cal. Code Civ. Pro. 425.16(f); *Harper v.*

18 *Lugbauer*, No. C 11-01306 JW, 2012 WL 1029996, at *2 (N.D. Cal. Mar. 15, 2012); *Hastie v.*

19 *City of Susanville*, No. 2:06-CV-1143-GEB-KJM, 2007 WL 4533145, at *1 (E.D. Cal. Dec. 19,

20 2007). To the extent Ms. Clougherty contends that there is no deadline for an anti-SLAPP motion

21 in federal court, and thus an anti-SLAPP motion would be timely at the close of discovery even

22 without an extension of the deadline by the Court, that issue can be briefed upon Ms. Clougherty's

23 filing of such a motion.

24 Former Defendant Formation 8 filed a motion to dismiss the claims against it. Ms.

25 Clougherty voluntarily dismissed Formation 8 from this action on March 5, 2015 before the

26 motion to dismiss by Formation 9 was heard.

27 **V. AMENDMENT OF PLEADINGS**

28 Ms. Clougherty does not anticipate amending the pleadings at this time but reserves the

4
JOINT CASE MANAGEMENT STATEMENT                             Case No. 3:15-cv-00382-WHA

right to do so if appropriate based upon additional information learned in discovery. Defendant anticipates amending the Counterclaims to add additional facts as they are developed in discovery. Defendant believes that Plaintiff made additional defamatory statements and other disclosures of Defendant's private information, further harming him, beyond what he has been able to discover prior to filing his amended counterclaims. Defendant proposes that the last day to amend the pleadings be six months after resolution of the anti-SLAPP motion Plaintiff she intends to file.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the ESI Guidelines and has taken reasonable and proportionate steps to preserve relevant evidence. The parties are continuing to meet and confer regarding ESI checklist.

## VII. DISCLOSURES

Each party made their initial disclosures on April 13, 2015.

## VIII. DISCOVERY

### A. Scope of Anticipated Discovery

PLAINTIFF: Ms. Clougherty contends that the relevant time period for of the majority of discovery is January 1, 2010, through April 2015. During this time period, Ms. Clougherty contends that the parties should disclose communications between the following:

- Ms. Clougherty and Mr. Lonsdale;
- The parties and anyone to whom they communicated about the relationship or the abuse alleged by Ms. Clougherty;
- Mr. Lonsdale (or any of his agents) and any PR professional or firm working on his behalf in relation to the claims asserted by Ms. Clougherty or Mr. Lonsdale's counterclaims;
- Mr. Lonsdale (or any of his agents) and any private investigation professional or firm working on his behalf in relation to the claims asserted by Ms. Clougherty or Mr. Lonsdale's counterclaims;
- The parties and the New York Times;
- The parties and the University; and
- Ms. Clougherty and any therapists who treated her.

5
JOINT CASE MANAGEMENT STATEMENT                                Case No. 3:15-cv-00382-WHA

Plaintiff further contends that for the following categories, discovery should be permitted for the above time period:

- Mr. Lonsdale's role at the University;
- The parties' relationship; and
- The University's investigation into and proceedings regarding the parties' relationship, and the University's subsequent determination that Mr. Lonsdale more likely than not engaged in sexual activity with Ms. Clougherty without her consent.

Type text here

Plaintiff further contends that for the following categories, discovery should be permitted outside the above time period:

- Communications between Mr. Lonsdale and any other women who have experienced similar acts of abuse and/or intimate partner violence by Mr. Lonsdale;
- Mr. Lonsdale's mental health history;
- Mr. Lonsdale's physical health history; and
- Mr. Lonsdale's past conduct that pertains to his reputation, which he has alleged has been damaged by defamation

DEFENDANT: Defendant contends that the relevant time period for of the majority of discovery is January 1, 2010 through April 2015. This time period covers Ms. Clougherty's initial contact with Mr. Lonsdale, their relationship, and Ms. Clougherty's statements after the relationship, including her recent communications with the New York Times. During this time period, Defendant contends that the parties should agree to produce all communications between:

- Ms. Clougherty and Mr. Lonsdale;
- Mr. Lonsdale and Anne Clougherty;
- Ms. Clougherty and Anne Clougherty;
- Ms. Clougherty and the New York Times;
- Ms. Clougherty and Stanford University;
- Ms. Clougherty and any therapists who treated her, including, but not limited to Dr. Saylor and Dr. Yadin;

- Ms. Clougherty and the University of Virginia, including, but not limited to Teresa Sullivan;
- Ms. Clougherty and Rachel Eilbott relating to Mr. Lonsdale; and
- Ms. Clougherty and any other persons she communicated with about her relationship with Mr. Lonsdale.

Defendant further contends that for the following categories, discovery should be permitted outside the above time period:

- Plaintiff's psychiatric treatment and mental health history;
- Plaintiff's prior accusations of stalking and/or sexual assault, abuse, aggression, harassment, or misconduct;
- Plaintiff's relationship to food and history with eating disorders;
- Plaintiff's school records from high school to the present; and
- Plaintiff's history of health problems leading to her tonsillectomy.

The parties will meet and confer regarding additional categories of documents that may need to be collected and reasonable search terms.

Defendant also anticipates a significant amount of third party discovery, as relevant information and documents are in the possession of individuals or institutions that communicated with Plaintiff or that witnessed Plaintiff and Defendant's relationship, including, for example, Plaintiff's medical and psychiatric providers and Stanford University.

### B. Proposed Modifications of the Discovery Rules

PLAINTIFF: Plaintiff does not anticipate the need for any modification to the presumptive discovery limits. The matter is an allegation of sexual abuse with few witnesses and counterclaims for defamation alleging communications with only a handful of individuals. Plaintiff will consider in good faith any requests or motions to expand discovery limits if needed after exhaustion of the presumptive limits.

DEFENDANT: Defendant anticipates that he will need to propound more than twenty-five (25) interrogatories and take more than ten (10) depositions in this case given the factual nature of the case, the time period at issue, and the numerous communications between the parties and third

parties that are relevant to the case. In their initial disclosures, Plaintiff and Defendant together identified over 50 separate individuals likely to have discoverable information who are known at this time. Defendant anticipates that more witnesses may be identified as discovery progresses. Defendant proposes that each party be permitted to propound thirty-five (35) interrogatories and take twenty-five (25) depositions.

### C.     E-Discovery Order

The parties are meeting and conferring regarding whether to enter into an e-discovery order and along what terms. As the parties are individual persons and not entities, the parties believe that ESI will likely not be a substantial issue in this case and as such, an e-discovery order may not be necessary.

### D.     Discovery Plan

#### 1.     Discovery Timing

PLAINTIFF: Ms. Clougherty anticipates commencing written discovery in the next 30 days. Ms. Clougherty proposes that fact discovery close no later than December 15, 2015. Plaintiff proposes that expert disclosures be made one month after fact discovery closes, with expert discovery closing thirty days after expert disclosures are complete.

DEFENDANT: Defendant anticipates serving written discovery on Plaintiff and issuing a number of subpoenas *duces tecum* to third parties in the next month or two. Defendant proposes that fact discovery close twelve months after resolution of any anti-SLAPP motion. Defendant proposes that expert disclosures be made one month after fact discovery closes, with expert discovery closing three months after fact discovery closes.

#### 2.     Format for Productions

The parties have agreed to produce documents in searchable single-page tiffs and are meeting and conferring regarding appropriate metadata fields, if any, that should be produced.

#### 3.     Privilege or Protections and Confidentiality

The parties have met and conferred regarding the model protective order used in the Northern District of California and will submit a stipulated protective order for the Court's review in advance of the case management conference.

8

JOINT CASE MANAGEMENT STATEMENT                                                          Case No. 3:15-cv-00382-WHA

E.   **Anticipated Disputes**

The parties are not aware of any discovery disputes at this time.

F.   **Agreement re Service by Email**

For documents not served via the Court's ECF system, the parties agree to email service. Service by email will be considered equivalent to service by hand delivery.

IX. **CLASS ACTIONS AND RELATED CASES**

Not applicable.

X.  **RELATED CASES**

There are no cases related to this action.

XI. **RELIEF**

PLAINTIFF: Ms. Clougherty seeks general and special damages, interest, attorneys' fees and costs, and punitive damages on her claims.

DEFENDANT: Plaintiff seeks general and special damages, interest, attorneys' fees and costs, and punitive damages on her claims. For his Counterclaims, Mr. Lonsdale seeks injunctive relief prohibiting Ms. Clougherty from making statements that Mr. Lonsdale committed any sexual misconduct with her, general damages in amount no less than $75,000, special damages in an amount no less than $75,000, punitive damages, costs of suit and attorneys' fees, and for any further relief deemed proper by the Court. Mr. Lonsdale's damages theory will be based on the harm to his reputation and emotional distress he has suffered as a result of Ms. Clougherty's false and defamatory statements and invasion of his privacy. Mr. Lonsdale's harm is ongoing. He reserves the right to amend his damages theory as evidence is developed in discovery, such as evidence relating to the extent of Plaintiff's harmful statements and disclosures, and expert discovery.

XII. **SETTLEMENT AND ADR**

PLAINTIFF: Ms. Clougherty is amendable to private mediation. Ms. Clougherty proposes that mediation be conducted no later than November 1, 2015, which will give the parties sufficient time to conduct substantial discovery, including party depositions.

DEFENDANT: Defendant is amenable to private mediation. However, Defendant

contends that settlement is unlikely before Defendant has an opportunity to depose Plaintiff. As such, Defendant proposes that a mediation deadline be set for April 2016 to give the parties an opportunity to resolve the currently pending motion to dismiss and impending anti-SLAPP motion, and take discovery in this case.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Both parties have declined to proceed before a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties are not aware of any issue that might be narrowed or procedures that may be streamlined at this point.

## XVI. EXPEDITED TRIAL PROCEDURE

Given the facts that need to be developed in discovery and the likely need for expert discovery, the parties do not believe this case is appropriate for an expedited trial schedule.

## XVII. SCHEDULING

| Proposed Event | Plaintiff's Proposed Date | Defendant's Proposed dates |
|---|---|---|
| Last day for Plaintiff to file anti-SLAPP motion | May 9, 2015 (if motion is subject to California Code of Civil Procedure) | May 9, 2015 (as provided by the California Code of Civil Procedure as applied by federal district courts) |
| Last Day to Amend Pleadings | June 30, 2015 | Six months after resolution of Plaintiff's anti-SLAPP motion |
| Fact Discovery Cutoff | December 15, 2015 | Twelve months after resolution of Plaintiff's anti-SLAPP motion |
| Expert Disclosures | Thirty days after the close of fact discovery | Opening: One month after the close of fact discovery  Rebuttal: Two months after the close of fact discovery |

| Proposed Event | Plaintiff's Proposed Date | Defendant's Proposed dates |
|---|---|---|
| Expert Discovery Cut-Off | Ninety days after the close of fact discovery | Three months after the close of fact discovery |
| Last day to file Dispositive Motions | Thirty days after close of fact discovery (including anti-SLAPP motion if motion is subject to Federal Rules of Civil Procedure) | Following the Northern District's Local Rules for deadlines based on filing and last day for hearing on motions |
| Hearing on Dispositive Motions | May 2, 2016 | Six months after the close of fact discovery |
| Pretrial Conference | June 1, 2016 | Eight months after the close of fact discovery |
| Trial | July 11, 2016 | Nine months after the close of fact discovery |

## XVIII. TRIAL

Both parties demand a jury trial.  Plaintiff anticipates that such trial will last 8 to 10 days. Defendant anticipates that such trial will last 10-14 days.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

PLAINTIFF: Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DEFENDANT: Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

## XX.    PROFESSIONAL CONDUCT

All attorneys of record representing Plaintiff and Defendant have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.

None at this time.

Respectfully submitted,

| | | | |
|---|---|---|---|
| Dated: April 24, 2015 | | By: | /s/ John C. Clune (with permission) |

JOHN C. CLUNE (admitted *pro hac vice*)
clune@hbcboulder.com
**HUTCHINSON BLACK AND COOK, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Tel.: 303.442.6514
Fax: 303.442.6593

L. LIN WOOD (admitted *pro hac vice*)
lwood@linwoodlaw.com
**L. LIN WOOD, P.C.**
1180 West Peachtree Street, Suite 2400
Atlanta, GA  30309
Tel.: 404.891.1402
Fax: 404.506.9111

JENNIFER L. LIU (SBN 279370)
*jliu@liulawpc..com*
**THE LIU LAW FIRM, P.C.**
324 Day Street
San Francisco, CA  94131
Tel.: 415.896.4260
Fax: 415.231.0011

Attorneys for Plaintiff/Counter-Defendant:
*Elise Clougherty*


Dated: April 24, 2015    By:    /s/ Joseph R. Farris

Kristen Dumont (SBN 191554)
**LAW OFFICES OF KRISTEN DUMONT**

Joseph R. Farris (SBN 263405)
Brenda Sharton (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**

Orin Snyder (admitted *pro hac vice*)
Sarah Vacchiano (admitted *pro hac vice*)
Emily C. Aldridge (SBN 299236)
Joseph Tartakovsky (SBN 282223)
**GIBSON, DUNN AND CRUTCHER LLP**


Attorneys for Defendant/Counterclaimant:
*Joseph Lonsdale*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 23, 2015, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice of this document by electronic means.

Dated: April 23, 2015

/s/ Joseph R. Farris