IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELISE CLOUGHERTY,

    Plaintiff,

  v.

JOSEPH LONSDALE,

    Defendant.

                              /

No. C 15-00382 WHA

**ORDER RE MOTION TO DISMISS COUNTERCLAIMS**

## INTRODUCTION

In this sexual battery action, defendant counterclaimed alleging defamation. Now, plaintiff/counter-defendant moves to dismiss those counterclaims, or in the alternative, moves for a more definite statement under Rule 12(e). For the reasons stated herein, the motion is **DENIED**.

## STATEMENT

This case surrounds the sexual relationship between plaintiff Elise Clougherty and defendant Joseph Lonsdale. Over the course of their year-long romance, Clougherty alleges that Lonsdale sexually assaulted her on several occasions while she was a student at Stanford University (Compl. 1).

In response, Lonsdale has counterclaimed, alleging that Clougherty had defamed him by making malicious and untrue statements to third parties about their sexual relationship. Lonsdale alleges five claims of defamation *per se*, five claims of defamation, one claim of intentional infliction of emotional distress, one claim of negligent infliction of emotional distress, and two claims of invasion of privacy. All of the counterclaims relate to the following five alleged statements (Amd. Counterclaims at ¶¶ 71–75):

- Sometime after February 1, 2014, Mr. Lonsdale also learned that Ms. Clougherty had called several of his friends (including one of his former girlfriends) and stated that Mr. Lonsdale had sexually assaulted her.

- Sometime after February 1, 2014, Mr. Lonsdale learned that Ms. Clougherty had said "horrible things" about Mr. Lonsdale to the current boyfriend of that same former girlfriend. Upon information and belief, Ms. Clougherty stated to the boyfriend that Mr. Lonsdale had sexually assaulted her.

- In or around December 2014 and January 2015, Mr. Lonsdale learned that Ms. Clougherty made statements regarding sexual misconduct by Mr. Lonsdale to a Stanford professor whom she enlisted to help tell her story to various media outlets in an effort to generate damaging press reports about Mr. Lonsdale.

- At numerous times starting in or around mid-2014 and continuing until around February 2015, Ms. Clougherty had multiple conversations with Emily Bazelon, a reporter for The New York Times Magazine, in which Ms. Clougherty told Ms. Bazelon that Mr. Lonsdale had raped her numerous times. Ms. Clougherty made numerous statements providing graphic details of the alleged rapes.

- At some point during the time she was talking to Ms. Bazelon, Ms. Clougherty also gave Ms. Bazelon tapes of Ms. Clougherty's conversations with her therapist. In those tapes, Ms. Clougherty stated that Mr. Lonsdale had "held [her] captive"; "brainwashed" her for a year; raped her "in a sadomasochist way nine times a day"; raped her every time they had sex; deprived her of personal agency and personal choice; and "psychologically kidnapped" her.

Clougherty does not move to dismiss the counterclaims related to the two statements she allegedly made to New York Times reporter Emily Bazelon. Rather, she moves to dismiss the counterclaims related to the statements allegedly made about Lonsdale's sexual misconduct to (1) Lonsdale's former girlfriend, (2) the current boyfriend of that same former girlfriend, and (3) the Stanford professor.

**ANALYSIS**

To survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair

2

notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted).

Under California law, an oral communication constitutes defamation when it is false, unprivileged, and attributes to a person specific misdeeds or certain unfavorable characteristics or qualities. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003).

Here, Lonsdale has pled his counterclaims with sufficient particularity, such that they are plausible on their face. Lonsdale's pleading lays out who Clougherty made the allegedly defamatory statements to (the former girlfriend, the former girlfriend's current boyfriend, and the Stanford professor), the general timeline of when Lonsdale learned of the defamatory statements (after February 2014), and the content of the allegedly defamatory statements (that Lonsdale had sexually assaulted Clougherty). Lonsdale has sufficiently alleged that the statements, made in private conversations between Clougherty and the people mentioned above, were false, unprivileged, and attributed to Lonsdale specific misdeeds and unfavorable characteristics. This is enough to satisfy the pleading requirements laid out in Rule 8(a)(2).

Clougherty argues that the counterclaims should be dismissed for several reasons. *First*, she argues that Lonsdale failed to allege with sufficient specificity where and when the allegedly defamatory statements took place. In making this argument, Clougherty relies on a district court decision in *Eldorado Stone, LLC v. Resaissance Stone, Inc.*, No. 04-CV-2562, 2006 WL 4569360 at *4 (S.D. Cal. Feb. 6, 2006) (Judge Jeffrey Miller). That decision however, denied the motion to dismiss the defamation claim. The decision held, in relevant part, that the pleading "set forth the time period of the statement, *where known*, the recipients of the statement, and the substance of the allegedly libelous statement . . . Nothing else is required to state a libel claim." *Ibid* (emphasis added). Based on *Eldorado Stone*, Lonsdale has alleged sufficient specificity to survive a Rule 12(b)(6) motion.

In addition, Clougherty relies on *Pentz v. Downey*, 110 F. Supp. 642 (E.D. Pa. 1953). Notwithstanding the fact that this a 1953 decision from Pennsylvania, it applied the heightened pleading standards set forth in Rule 9. The Rule 8(a)(2) pleading standard applies to the claims made here. *Pentz* is thus totally inapplicable to our case.

3

Next, Clougherty relies on *PAI Corp. v. Integrated Science Solutions, Inc.*, No. C-06-5349, 2007 WL 1229329 (N.D. Cal. Apr. 25, 2007) (Judge Joseph Spero). That decision did dismiss the defamation claims at the Rule 12 stage. It did so, however, because the counter-claimant "failed to specifically identify who made the statements, when they were made and to whom they were made." *Id*. at *9. Lonsdale, in contrast, has alleged who made the statements (Clougherty), generally when they were made, and to whom they were made. Thus, *PAI Corp*. is distinguishable from our case.

*Second*, Clougherty moves to dismiss the follow-on claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy, to the extent they pertain to the three statements discussed above. As this order holds that Lonsdale has alleged his defamation claims with sufficient specificity at the Rule 12 stage, this argument fails as well.

*Third*, Clougherty argues that the statute of limitations bars any defamation claims based on the alleged statements to Lonsdale's former girlfriend and her current boyfriend. Both sides agree that the statute of limitations for a defamation claim is one year. In his pleading, at paragraphs 71–75, Lonsdale stated that he did not know when the statements in question were made, but alleged that he did not become aware of them until after February of 2014 (less than one year before he filed his counterclaims).

Despite the uncertainty surrounding when the Clougherty allegedly made the statements at issue, the discovery rule applies to Lonsdale's claims. The California Supreme Court has long held that "[i]n some tort actions, the accrual of the cause of action is delayed until the plaintiff knew (or with reasonable diligence should have known) the factual basis for the claim. This so-called discovery rule has been applied to defamation actions in limited circumstances when the defamatory statement is made in secret or is inherently undiscoverable." *Shively*, 31 Cal. 4th at 1237. Here, Lonsdale alleges that the defamatory statements occurred in a private conversation and he could not have learned of them before the statutory period expired. That may or may not be true. At the Rule 12 stage, however, his allegations are sufficient.

4

Clougherty relies on the California Court of Appeal's decision in *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1692 (2008). While that decision found that the discovery rule did not apply the defamation claims at issue, it explicitly held that it did not apply because the plaintiff should have discovered the existence of the defamatory statements earlier. Here, on the other hand, there is no indication (at least from the pleading), that Lonsdale should have discovered the existence of the defamatory statements before the statute of limitations had run. Through discovery, Clougherty could uncover evidence that Lonsdale did know, or should have known about the statements prior to February of 2014. At this point, however, the discovery rule applies. Clougherty also relies on *Manguso v. Oceanside Unified School District*, 88 Cal. App. 3d 725 (1979). That decision, however, held that the discovery did apply to the libel claim at issue and thus does not support Clougherty's argument.

*Lastly*, in the alternative, Clougherty moves for a more definite statement. Under Rule 12(e) "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Lonsdale's defamation claims do not fall under this definition. For the reasons outlined above, Lonsdale's pleading sufficiently put Clougherty on notice of what the allegedly defamatory statements consisted of and to whom they were made.

## CONCLUSION

For the reasons stated above, Clougherty's motions to dismiss the counterclaims and, in the alternative, for a more definite statement under Rule 12(e) are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 30, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE